UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★ FEB 0 6 2015 ★

BROOKLYN OFFICE

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>– against –<br><br>LYNDON FRANKLIN NORIEGA,<br><br>Defendant. | 13-CR-302<br><br>Statement of Reasons for Sentencing<br>Pursuant to 18 U.S.C. § 3553(c)(2) |

**JACK B. WEINSTEIN, Senior United States District Judge:**



### Table of Contents

I.   Introduction ........................................................................................................... 1
II.  Offense Level and Category ................................................................................. 2
III. Law ........................................................................................................................ 2
IV.  18 U.S.C. § 3553(a) Considerations ..................................................................... 3
V.   Sentence ................................................................................................................ 4
VI.  Conclusion ............................................................................................................ 4

### I. Introduction

On February 6, 2014, Lyndon Franklin Noriega pled guilty to two counts: (1) conspiracy to distribute marijuana, 21 U.S.C. §§ 846, 842(a)(1) and (b)(1)(A)(vii); and (2) money laundering conspiracy, 18 U.S.C. §1946(a)(1)(B)(i).

On January 16, 2015, Noriega was sentenced to a three-year probation term. The proceeding was videotaped in order to develop an accurate record of the courtroom atmosphere, as well as the factors and considerations that a district court must evaluate in imposing a sentence in accordance with section 3553(a) of Title 18. *See In re Sentencing*, 219 F.R.D. 262, 264–65 (E.D.N.Y. 2004) (describing the value of video recording for the review of sentences on appeal).

## II. Offense Level and Category

The total offense level is 33. The criminal history category is I, yielding a guidelines imprisonment range of 135–168 months. U.S.S.G. Ch. 5 Pt. A.

## III. Law

A sentencing court shall "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). If the sentence is not of the kind prescribed by, or is outside the range of, the Sentencing Guidelines referred to in section 3553(a)(4) of Title 18, the court shall indicate the specific reasons for imposing a sentence different from the Guidelines. 18 U.S.C. § 3553(c)(2). These "reasons must also be stated with specificity in the written order of judgment and commitment." *Id.* Even though the mandatory nature of the Guidelines has been excised and they are now "advisory," *United States v. Booker*, 543 U.S. 220, 245–46 (2005), the sentencing court must still adhere to the requirements of section 3553(c)(2) of Title 18, *United States v. Jones*, 460 F.3d 191, 197 (2d Cir. 2006).

The sentencing court's written statement of reasons shall be "a simple, fact-specific statement explaining why the Guidelines range did not account for a specific factor or factors under [section] 3553(a)." *United States v. Rattoballi*, 452 F.3d 127, 138 (2d Cir. 2006), *abrogated in part on other grounds by Kimbrough v. United States*, 552 U.S. 85 (2007). Such a statement should demonstrate that the court "considered the parties' arguments and that it has a reasoned basis for exercising its own legal decisionmaking authority." *United States v. Cavera*, 550 F.3d 180, 193 (2d Cir. 2008) (quoting *Rita v. United States*, 551 U.S. 338, 356 (2007)) (internal quotations and alterations omitted).

In view of the excessive incarceration rates in the recent past and their unnecessary, deleterious effects on individuals sentenced, society and our economy, parsimony in

incarceration is to be prized. *See, e.g.*, 18 U.S.C. § 3553 (a) ("The court shall impose a sentence sufficient, but not greater than necessary"); National Research Council of the National Academies, *The Growth of Incarceration in the United States, Exploring Causes and Consequences*, 8 (2014) ("*Parsimony*: the period of confinement should be sufficient but not greater than necessary to achieve the goals of sentencing policy.").

### IV. 18 U.S.C. § 3553(a) Considerations

The court considered the "nature and circumstances of the offense and the history and characteristics of the defendant" in sentencing Noriega. 18 U.S.C. § 3553(a)(1). Defendant is from Trinidad and Tobago. Thirty-four years old, he immigrated to the United States with his parents when he was seven years old, becoming a naturalized citizen in 2003. Working as a self-employed subcontractor specializing in cabinet installation and kitchen restoration, he supports himself, his girlfriend, and two children, ages seven and nine months. Noriega's oldest child is from a previous relationship; he is completely responsible for the child's welfare because the child's mother neither uses her visitation rights nor contributes financial support.

Despite growing up in an abusive household where his father regularly physically abused his mother in front of him and his brother, Noriega has no history of alcohol or substance abuse. He is considered to be a loving and caring father to his children. His current girlfriend described him in a letter as "generous," "the foundation of our family," and as someone who "instills morals, discipline, and love into his children." Noriega's mother described him to investigators as "very helpful, easy-going, intelligent, family oriented and a great father."

Noriega cooperated with the government and contributed substantial and significant support to the prosecution of his coconspirators.

## V. Sentence

Under section 3553(a)(2)(B) of Title 18, a sentencing court must consider two major factors: general and specific deterrence.

In light of the nature and circumstances of the offense and the history and characteristics of the defendant, described *supra*, on January 16, 2015, Noriega was sentenced to a three-year probation term. U.S.S.G. § 5D1.1(a). A $200 special assessment was imposed. 18 U.S.C. § 3013(a)(2)(A). No fine was levied and no restitution was ordered because Noriega does not possess substantial assets, and is unlikely to possess assets in the future.

## VI. Conclusion

General and specific deterrence are achieved by the sentence imposed. All elements of the Sentencing Guidelines and statutes have been considered. Respectful consideration was given to the Sentencing Commission's policy statements, and all other factors listed under section 3553(a) of Title 18, to ensure that the sentence is "sufficient, but not greater than necessary, to comply with the purposes" of sentencing. 18 U.S.C. § 3553(a).

SO ORDERED.

Jack B. Weinstein
Senior United States District Judge

Dated: January 30, 2015
       Brooklyn, New York